## CITY OF PENDLETON *v.* STATE
## TAX COMMISSION

John E. Walker, City Attorney, Pendleton, Oregon, filed a brief on behalf of plaintiff.

Ira W. Jones, Assistant Attorney General, Salem, Oregon, filed a brief on behalf of defendant.

Decision for defendant rendered July 9, 1968.

EDWARD H. HOWELL, Judge.

Plaintiff appeals a declaratory ruling of the tax commission which decided that the city of Pendleton did not have authority under Article XI, § 11 of the Oregon Constitution to levy a tax in excess of its tax base for municipal parks without authorization by the legal voters of the city.

In 1928 the voters of the city of Pendleton created a city park commission as provided by Oregon Laws of 1899, pp 67-70, as amended by Or L 1921, ch

301, and Or L 1929, ch 49. These statutes are now codified as ORS 226.120 to ORS 226.240. Thereafter until the tax year 1946-47 a special tax of one-half mill on the dollar was levied by the park commission pursuant to ORS 226.200 allowing the park commission to make such levy on the taxable property of the city. The levy was treated by the city and the county assessor as a special levy separate and apart from the regular tax base of the city and was in excess of the constitutional limitation on the city's taxing power.

In 1946 (effective as of January 1, 1947) the voters of the city approved a revised charter which, among other things, abolished the city park commission and other commissions. The authority to abolish the park commission was contained in Or L 1929, ch 49, now codified as ORS 226.230 and 226.240. These statutes allow a city having a park commission to abolish the commission and transfer its powers and duties to the city council. Since the park commission was abolished in 1947 until the present the city has continued to levy a one-half mill tax for park purposes in addition to its other taxes. The parties agree that the levy was in excess of the city of Pendleton's tax limitation as defined in Article XI, § 11, of the Oregon Constitution.

Section 11, Art. XI, was first adopted by the people in 1916 and stated:

> "Unless specifically authorized by a majority of the legal voters voting upon the question neither the state nor any county, municipality, district or body to which the power to levy a tax shall have been delegated shall in any year so exercise that power as to raise a greater amount of revenue * * * than the total amount levied by it in the year immediately preceding * * * plus six per centum thereof, * * *."

An amendment was adopted by the people in 1932 to apply the six percent limitation to the "total amount levied * * * in any one of the three years immediately preceding * * *."

A further amendment in 1952 restricted the amount of tax revenue which a municipality could levy to "its tax base, as hereinafter defined."

The present Article XI, § 11, was adopted by the people on November 6, 1962, and reads in part as follows:

"Tax limitation. (1) Except as provided in subsection (3) of this section, no taxing unit, whether it be the state, any county, municipality, district or other body to which the power to levy a tax has been delegated, shall in any year so exercise that power to raise a greater amount of revenue than its tax base as defined in subsection (2) of this section. The portion of any tax levied in excess of any limitation imposed by this section shall be void.

"(2) The tax base of each taxing unit in a given year shall be one of the following:

"(a) The amount obtained by adding six percent to the total amount of tax lawfully levied by the taxing unit, exclusive of amounts described in paragraphs (a) and (b) of subsection (3) of this section, in any one of the last three years in which such a tax was levied by the unit; or

"* * * * *

"(3) The limitation provided in subsection (1) of this section shall not apply to:

"* * * * *

"(b) That portion of any tax levied which is specifically voted outside the limitation imposed by subsection (1) of this section by a majority of the legal voters of the taxing unit voting on the question.

"* * * * *"

■ Since its adoption in 1916, Section 11, Art. XI, has placed a limitation upon the taxing authority of

a municipality. Any excess over the limitation must be specifically authorized by the legal voters of the district or it is void. *State et al v. Hawks,* 110 Or 497, 222 P 1071 (1924).

■ The plaintiff argues that ORS 226.200 authorized the park commission to levy a one-half mill tax to support the city parks. ORS 226.230 and ORS 226.240 allow the city to abolish the park commission and transfer to the city council "all powers, functions and duties of the park commission." Plaintiff contends that the transfer of authority to the city includes the right of the city to levy a one-half mill tax in excess of the limitation imposed by the Constitution. The defendant is correct in its position that when the people voted in 1928 to establish a park commission they did not authorize a levy outside the constitutional limitation. Neither did the people do so in 1947 when they voted on a new charter and abolished the park commission. Once the city had taken over the duties and functions of the park commission, including the expense of operating the parks, these expenditures like all others, were subject to the constitutional limitation on the city's taxing powers.

The judgment of the tax commission is affirmed.